**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION** RECEIVED

| | | |
|---|---|---|
| **JIMMIE McCALL** | ) | 2006 DEC 13  P 4· 41 |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.** |
| | ) | 2:06CV1104-MEF |
| **CITY OF MONTGOMERY and** | ) | |
| **MAYOR BOBBY BRIGHT,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

To the Honorable Judges of the United States District Court for the Middle District of Alabama, Northern Division:

**COME NOW** Defendants, City of Montgomery and Mayor Bobby Bright and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, and hereby gives notice of the removal of the above-captioned civil action styled  Jimmie McCall v. City of Montgomery and Mayor Bobby Bright, Civil Action No.: CV-2006-002816, from the Circuit Court from Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District  of Alabama, Northern Division.  As grounds for this removal, Defendants show unto the Court and alleges as follows:

1.      Defendant City of Montgomery is a municipal corporation in Montgomery County, Alabama.  Individual Defendant Arthur Baylor is over the age of nineteen (19) years and is an employee of City of Montgomery and is sued in his individual and official capacity.

2.      The Plaintiff, Jimmie McCall is over the age of majority and a resident citizen of the State of Alabama.

3.    Jimmie McCall v. City of Montgomery and Mayor Bobby Bright, Civil Action No.: CV-2006-002816, from the Circuit Court from Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Northern Division.

4.    This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, 28 U.S.C. §1343, and may be removed by Defendants pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1443. Defendants remove this action pursuant to 28 U.S.C. §1441, 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. 1367 and 28 U.S.C. §1443.

5.    In the Complaint filed in the Circuit Court of Montgomery County, Alabama on November 3, 2006 and served on Defendants on November 13, 2006, Plaintiff asserted that the Defendants City of Montgomery and Mayor Bobby Bright's actions were not reasonable related to the health, safety and welfare and were so unreasonable as to constitute an arbitrary and capricious interference with basic rights of private property and private property owners and in violation of the 14th Amendment of the United States Constitution in particular that the plaintiff is entitled to due process as it relates to the depravation of his real property.

6.    This notice of removal is timely filed with this Court within the thirty (30) day limitations set forth in 28 U.S.C. §1446(b). This action became removable on November 13, 2006, which is the date Defendants were served with the copy of Plaintiff's Complaint. This Court has supplemental jurisdiction over all other claims of the Plaintiff pursuant to 28 U.S.C. §1367.

7.    This Notice of Removal is filed in this district and division pursuant to 28 U.S.C. §1446(a) and 28 U.S.C. §1443 as the court for the United States for the district and division within which such action is pending. Venue is proper pursuant to 28 U.S.C. §1391(b).

8.    A copy of the Summons and Complaint served upon Defendant in said action and contained in the file of the Circuit Court of Montgomery County, Alabama, in said action is attached hereto as Exhibit "A" and made a part hereof in accordance with 28 U.S.C. §1446(a).

9.    In accordance with 28 U.S.C. §1446(d), a true and correct copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and written notice thereof has been given to all adverse parties.  A copy of the notice of filing of notice of removal is attached hereto as Exhibit "B".

10.   Pursuant to 28 U.S.C. §1446(b), a true and correct copy of this notice of removal is being filed with the Circuit Court of Montgomery County, Alabama.

11.   By filing this notice of removal, this Defendant does not waive any defense that may be available to the Defendant.

**WHEREFORE**, Defendants file this notice of removal so as to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, to this court.  Defendants pray this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court.  Defendants further pray that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the 13th day of December, 2006.

Michael D. Boyle (ASB-1583-E68B)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys

listed below by hand delivery or by placing a copy of same in the United States Mail, postage

prepaid, this 13th day of December, 2006:

> Norman Hurst, Jr.
> 462-A Sayre Street
> Montgomery, Alabama 36104

Of Counsel

*Rec - 11-13-06  D.P.*

| State of Alabama<br>Unified Judicial System | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | *D1* | *CV 06 - 2816* |

RECEIVED
NOV 13 2006
CITY ATTORNEY

IN THE _Circuit_ COURT OF _Montgomery_ COUNTY

Plaintiff _Jimmie McCall_ v. Defendant _City of Montgomery_

NOTICE TO _City Attorney, #3 White Perry St, Montgomery_
_AL 36104_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _Norman Hurst_ WHOSE ADDRESS IS _462 Sayre St. Montgomery, AL 36104_

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _11-6-06_     _Melissa Littenour_     By: _bw_
                    Clerk/Register

☐ Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                          (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County,

Alabama on _____
            (Date)

_____        _____
Date                             Server's Signature

_____        _____
Address of Server                Type of Process Server

2006 NOV -3 PH 3: 29
FILED IN CIRCUIT COURT OF
MONTGOMERY COUNTY

EXHIBIT
_A_

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| JIMMIE McCALL<br>　　　Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | CASE NO.:  _C V 06 - 2816_ |
| | * | |
| THE CITY OF MONTGOMERY and | * | |
| MAYOR BOBBY BRIGHT, | * | |
| Defendants. | * | |
| | * | |

2006 NOV -3  PM 3: 29

FILED CIRCUIT COURT OF MONTGOMERY COUNTY

<u>AN APPEAL FROM THE MONTGOMERY CITY COUNCIL PURSUANT TO CODE OF
ALABAMA AND A VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY AND PERMANENT INJUNCTION AND OTHER RELIEF</u>

COMES NOW, Jimmie McCall, by and through their attorney, Norman Hurst Jr., and

pursuant to Section 6-6-223 of the Code of Alabama.  This is an action for injunctive relief, in favor

of the plaintiffs.  In addition, a permanent injunction is sought on behalf of the Plaintiffs in the form

of issuing a permanent injunction prohibiting Defendants, its agents, servants, or employees or

anyone acting in concert, from filing a resolution assessing the cost of abatement of unsafe structures

pursuant to Ordinance No. 10-2001 via Section 11-48-48, Code of Alabama, 1975, or from taking

any type action against Plaintiffs in order to maintain the status quo and prevent the Plaintiffs from

suffering irreparable harm and injury pending the outcome of this lawsuit, and shows this honorable

court as follows:

PARTIES

1. The Plaintiff, Jimmie McCall, is over the age of 19 and is a resident of  Montgomery, County,

Alabama.

2.    The City of Montgomery is a municipal corporation, incorporated pursuant to the laws of the State of Alabama.

3.    The defendant, Bobby Bright, is sued in his official capacity as Mayor of the City of Montgomery, Alabama.

## FACTS

4.    On or about, November 1, 2006 the Plaintiff, Jimmie McCall learned through his brother, a demolition contractor, that real property owned by the plaintiff located at 3118 Woodley Road in the corporal limits of the City of Montgomery was slated for demolition. (See Attachment "A")

5.    That the Plaintiff, Jimmie McCall has not received any notice as in regards to this demolition or a chance to be heard concerning this matter in violation of the Constitution of the United States in particular the 14th Amendment as it relates to the depravation of his property rights.

## CAUSE OF ACTIONS

6.    The plaintiff, repeats, realleges, and incorporate by reference the proceeding paragraphs as fully set forth within.

7.    The City of Montgomery actions were not reasonable related to the health, safety and welfare and were so unreasonable as to constitute an arbitrary and capricious interference with basic rights of private property.

8.    That ordering the demolition of plaintiffs property that is structurally sound and does not pose a threat to the health, safety and welfare is an arbitrary and capricious interference with the basic rights of private property owners.

9.    That plaintiff had valid permits from the City of Montgomery to perform work on his

property and was performing the same when he was informed by his brother that his property was slated for demolition. (See Attachment "B")

10. That said actions of the City of Montgomery are void because of their interference and failure to show how said structure is unsafe.

## COUNT II

11. The plaintiff, repeats, realleges, and incorporate by reference the proceeding paragraphs as fully set forth within.

12. That the actions of the City of Montgomery or in violation of the 14th Amendment of the United States Constitution in particular that the plaintiff is entitled to due process as it relates to the depravation of his real property.

13. That minimal due process would entitle the plaintiff to a notice and right to be heard before a finding of fact was made concerning the safety of his property.

14. That the City of Montgomery has failed to provide notice concerning the structure denying plaintiff of his constitutional rights.

15. That the demolition as ordered by the City of Montgomery, and the Mayor in his official capacity, will cause the Plaintiffs to suffer irreparable and irreversable financial harm. A temporary restraining order and preliminary injunction are necessary to halt Defendants and the Mayor as an officer of the City of Montgomery, from illegally, improperly and wrongfully demolishing the plaintiff's property and to preserve the status quo pending the final hearing in the cause and, upon a final hearing, the Plaintiffs are entitled to a permanent injunctive relief. Further is likely that plaintiff will prevail on the merits making a temporary restraining order warranted in this matter.

WHEREFORE, the plaintiffs, ask this honorable court to afford him any equitable remedies

it may deem necessary and proper and to issue a temporary restraining order and a permanent injunction prohibiting Defendants, its agents, servants, or employees, from demolishing their property.

Further the Defendant requests damages.

Done this the _____3rd_____ day of November 2006.

_____
Norman Hurst Jr.  (HUR016)
462 Sayre Street
Montgomery, Alabama 36104
(334) 269-6449

_____
Jimmie McCall

## CERTIFICATE OF SERVICE

I hereby certify that I have this date of the _____3rd_____ day of November 2006, served a copy of the above and foregoing Appeal on by placing a copy of same in the United States Mail, postage prepaid and addressed to his regular mailing address.

The City of Montgomery
City Attorney
P.O. Box 1111
Montgomery, Alabama 36101

_____
Norman Hurst Jr.

Sworn and subscribed to me this the _____3rd_____ day of November, 2006.

_____
Notary Public
3-6-2008



# City of Montgomery, Alabama

*Dorian D. Brunson*
*Inspections Department*

*Bonny N. Bright*
*Mayor*

*Montgomery City Council Members*

Charles "C" Jinright—President
James A. Nuckles—Pro tem
Willie Cook

Cornelius Calhoun
Tim Head
Janet Thomas May

Glen O. Pratt, Jr.
Martha Roby
Jim Spear

October 20, 2006

BID NOTICE
HOUSING CODE DIVISION

The City of Montgomery is accepting sealed bids for the demolition of the
structure(s) listed on the attachment.  Please indicate your bid for each
individual address.

All bids are to be submitted to the Chief Housing Code Inspector's Office,
located in City Hall, Room 121P, no later than **12:00 noon Friday, November
3, 2006.**

The City of Montgomery reserves the right to refuse any and all   bids, and the
right to rebid this project.  Bids will be void after sixty (60) days.

Each contractor **MUST** submit proof of insurance coverage to the Chief Housing
Codes Inspector.  Contractors who do not have insurance will be allowed to bid,
but will not be awarded a contract until insurance has been obtained.

Each contractor will notify <u>ALL</u> utility companies to disconnect utility service
from structure(s).

When completed, the lot will be left reasonably smooth, free of all building
material, weeds, trash and debris.  All building material, trash and debris must
be disposed of at an authorized landfill.

Contractor will ensure that all building inspections are completed and a
demolition permit is on file in the Building Division located at City Hall room
134 prior to the commencement of work.

Contractors must submit proof of the existence of hazardous materials in all
building structure(s) (lead based paint, asbestos and petroleum materials,
etc.).  If hazardous materials are found, contractors must submit, with their
bids, an acceptable method of abating and disposing of these materials and with
bids, the cost there of.  The abatement and disposal of hazardous materials must
comply with Federal, State and City laws and regulations.

Contractor **MUST** sign and include <u>BUSINESS LICENSE NUMBER</u> on Bid Forms; otherwise
the bid(s) will be rejected.  Also, all invoices from the successful bidder must
be signed and include the Business License Number.

_____
Contractors Signature

*Eddie Hill, Jr.*
Eddie Hill, Jr.
Chief Housing Code Inspector

_____
Business License No.



PLAINTIFF'S
EXHIBIT

_____



# City of Montgomery, Alabama

Dorian D. Brunson
Inspections Department

Bobby N. Bright
Mayor

Montgomery City Council Members

Charles W. Jinright—President    Cornelius Calhoun    Glen O. Pruitt, Jr
James ? Nuckles—Pro tem    Tim Head    Martha Roby
Willie Cook    Janet Thomas Mas    Jim Spear

Demolition Bids For

| Address | Bids |
|---|---|
| 19 Houser St | $ |
| 645 Smythe St | $ |
| 3118 Woodley Rd | $ |
| 2325 Starr St | $ |

\* Special Provisions:

Notes:    Contractors that damage sidewalks or curb and gutters are
responsible for the repair of damages to Engineering
Department Specifications.

There will be no free dumping at the City Of Montgomery
Landfill for demolition work done on the address listed
above.

Please indicate on your bid sheets the presence of any
hazardous materials and include the cost of abatement in
your bid

Demolition work MUST be completed no later than December 8 ,2006.

CERTIFIED MAIL

P. O. Box 1111 • Montgomery, Alabama 36101-1111 • Phone (334) 000-0000 • Fax 000-0000

CITY OF MONTGOMERY                    Inspection Services        Date _____

House Number: _____ Street: _____
General Location: _____
Contractor: McCALL JIMMIE L _____
Parcel Number: _____ Sheet: _____ PU: _____
Assessed Description: _____

Owners Name: McCALL JIMMIE SR _____

PERMISSION GRANTED TO: McCALL JIMMIE SR
    ERECT A 28'X11'X6' ADDITION TO FRONT OF DWELLING TO BE USED FOR
    BEDROOM,BATH AND 24.5'X 40'7' BEDROOM EACH TO SIDE ALSO 12'X'L 18'
    CARPORT TO REAR + A 15.5 X 5.5  BREEZEWAY + _____ SIDE PORCH.
    FOUNDATION & FRAMING INSPECTION WILL BE REQUIRED. TO MEET ALL
    APPLICABLE CODES.

ZONING:RT55        LEFT YARD:  10          ESTIMATED COST:    $_____
BD ADJ:           RIGHT YARD:  10 ELECTRICAL:X  PERMIT FEE:
_ NBR:            FRONT YARD:  30 PLUMBING:X   BUILDING FEE:     $____.__
CERT OF           REAR YARD:   30 MECHANICAL:X  LICENSE FEE:      745.00
OCCUPANCY:                                      TOTAL FEE:        490.00
EASEMENT:                                       CASH:   CHECK: X

This permit must be posted. This permit void unless
started within 6 months. This permit issued subject        Dory Brunson  By:
to building code filing ordinances, and other              Chief Building Official
applicable codes and/or ordinances.

SIGNATURE _____ McCall ___

DATE _____

FOR OFFICE USE

ZONE _____

PLAT SHEET _____

BD. OF ADJUSTMENT _____

DEVELOPMENT PLAN _____

| BUILDING LINE |
DRAW IN ALL STRUCTURES AND SHOW
DISTANCES FROM ALL LOT LINES.

PERMIT NUMBER _____

DATE _____

APPROVED _____

## APPLICANT'S RESPONSIBILITY

I, _____, the Applicant, hereby certify that I have carefully read, or have had read to me, this document, and I agree to comply with and be bound by its terms and conditions:

1. APPLICANT SOLELY RESPONSIBLE:
The Applicant understands and appreciates, that he/she is solely responsible for ensuring that the proposed construction/renovation fully complies with the City of Montgomery Zoning Ordinance and Building Code Regulations, any other state or local laws pertaining to this type of construction, all relevant plat restrictions and covenants and/or subdivision/homeowner's association restrictions and covenants, and any other restrictions or covenants applicable to this property that may be found in the public records of Montgomery County. *For this reason, you are strongly urged to obtain approval from the appropriate subdivision/homeowner's association before you apply for a permit and begin construction. Failure to do so could result in legal action by the subdivision property owner's association to enforce the restrictions or covenants. The City of Montgomery does not warrant the* _____ *determine if an application for a building permit is in compliance with said restrictions* _____

2. CITY OF MONTGOMERY ASSUMES NO RESPONSIBILITY.
The City of Montgomery in no way warrants, in approving an application for a Building Permit, _____ construction/renovation to be undertaken is in compliance with any restrictions and plat, subdivision _____ association restrictions or covenants, or any other state or local law governing the type of construction.

3. VOIDING OF BUILDING PERMIT BY CITY OF MONTGOMERY
This Building Permit has been issued on the basis of the information provided. If in any time, the City of Montgomery _____

PLAINTIFF'S EXHIBIT
B

Inspection Services    Date _____

**CITY OF MONTGOMERY**

House Number:
General Location:
Contractor:
Parcel Number:
Assessed Description:

Owners Name:

ZONING: R75S
BD ADJ: 54-155
TP NBR:
CERT OF
OCCUPANCY:
BASEMENT:

LEFT YARD:
RIGHT YARD:
FRONT YARD:
REAR YARD:

ELECTRICAL:
PLUMBING:
MECHANICAL:

ESTIMATED COST:
PENALTY FEE:          11.00
BUILDING FEE:          11.00
LICENSE FEE:           22.00
TOTAL FEE:
CASH: X CHECK:

This permit must be posted. This permit void unless
started within 6 months. This permit issued subject
to building code, zoning ordinances, and other
applicable codes and/or ordinances.

Cory Brunson    BY: _____
Chief Building Official

SHOWN ARE ACCURATE.

SIGNATURE _____
DATE 08-11-02

**FOR OFFICE USE**

ZONE R 75S

PLAT SHEET _____

BD. OF ADJUSTMENT _____

DEVELOPMENT PLAN _____

PERMIT NUMBER 02 758

DATE 6-11-02

APPROVED _____

BUILDING LINE

DRAW IN ALL STRUCTURES AND SHOW
DISTANCES FROM ALL LOT LINES.

**APPLICANT'S RESPONSIBILITY**

I, _____, the Applicant, hereby certify that I have carefully read, or have had read
to me, this document, and I agree to comply with and be bound by its terms and conditions:

### 1. APPLICANT SOLELY RESPONSIBLE:

The Applicant understands and appreciates, that he/she is solely responsible for ensuring that the proposed
construction/renovation fully complies with the City of Montgomery Zoning Ordinance and Building Code Regulations, any
other state or local laws pertaining to this type of construction, all relevant plat restrictions and covenants and/or
subdivision/homeowner's association restrictions and covenants, and any other restrictions or covenants
property that may be found in the public records of Montgomery County. For this reason, you are s...
obtain approval from the appropriate subdivision/homeowner's association before you apply
begin construction. Failure to do so could result in legal action by the subdivision property ow...
to enforce the restrictions or covenants. The City of Montgomery does not warrant that, or ass...
determine if, an application for a building permit is in compliance with said restrictions and/or...

### 2. CITY OF MONTGOMERY ASSUMES NO RESPONSIBILITY:

The City of Montgomery in no way warrants, in approving an application for a Building Permit, that the
construction/renovation to be undertaken is in compliance with and relevant...

PLAINTIFF'S
EXHIBIT
B

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JIMMIE McCALL** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO. CV-06-2816** |
| | ) | |
| **CITY OF MONTGOMERY** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

TO:    Melissa A. Rittenour
       Circuit Clerk
       251 S. Lawrence Street
       Montgomery, AL 36104

       Norman Hurst, Jr.
       462-A Sayre Street
       Montgomery, Alabama  36104

Please take notice that Defendants, City of Montgomery and Mayor Bobby Bright sued in his official capacity, have on this date filed a Notice of Removal, a true and correct copy of which is attached hereto, in the office of the clerk of the United States District Court for the Middle District of Alabama, Northern Division, at Montgomery, Alabama.

Respectfully submitted this the 13th day of December, 2006.

Michael D. Boyle (BOY032)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

**EXHIBIT**

B

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed

below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this

13th day of December, 2006:

Norman Hurst, Jr.
462-A Sayre Street
Montgomery, Alabama  36104

_____
Of Counsel