IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMIE McCALL ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| VS. ) | CASE NO. 2:06-CV-1104 |
| ) | |
| CITY OF MONTGOMERY ) | |
| ) | |
| DEFENDANT ) | |

**RESPONSE TO COMPLAINT**
**FOR PRELIMINARY INJUCTION AND PERMANENT INJUNCTION**
**AND**
**MOTION TO DISMISS MAYOR BOBBY BRIGHT IN HIS OFFICIAL**
**CAPACITY AS MAYOR OF THE CITY OF MONTGOMERY**

**ANSWER**

COMES NOW, the City of Montgomery and Mayor Bobby Bright by and through the undersigned attorney and answers the complaint of Plaintiff as follows:

**PARTIES**

1. Defendant City of Montgomery is without sufficient information to properly admit or deny the allegations in paragraph 1 of the complaint therefore denies and demands strict proof thereof.

2. Defendant City of Montgomery admits to paragraph 2 of the complaint.

3. Defendant City of Montgomery admits that Bobby Bright is the Mayor of Montgomery Alabama.

**FACTS**

4. Defendant City of Montgomery is without sufficient information to properly admit or deny the allegations in paragraph 4 of the complaint therefore denies and demands strict proof thereof.

5. Defendant City of Montgomery is without sufficient information to properly admit or deny the allegations in paragraph 5 of the complaint therefore denies and demands strict proof thereof..

## CAUSE OF ACTIONS

6. Defendant City of Montgomery denies the allegations in paragraph 6 and demands strict proof thereof.

7. Defendant City of Montgomery denies the allegations in paragraph 7 and demands strict proof thereof.

8. Defendant City of Montgomery denies the allegations in paragraph 8 and demands strict proof thereof.

9. Defendant City of Montgomery denies the allegations in paragraph 9 and demands strict proof thereof.

10. Defendant City of Montgomery denies the allegations in paragraph 10 and demands strict proof thereof.

11. Defendant City of Montgomery denies the allegations in paragraph 11 and demands strict proof thereof.

12. Defendant City of Montgomery denies the allegations in paragraph 12 and demands strict proof thereof.

13. Defendant City of Montgomery denies the allegations in paragraph 13 and demands strict proof thereof.

14. Defendant City of Montgomery denies the allegations in paragraph 14 and demands strict proof thereof.

15. Defendant City of Montgomery denies the allegations in paragraph 15 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

For further Answer to Plaintiffs' Complaint, Defendant claims the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Defendant denies that Plaintiffs are entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

Defendant pleads the general issue.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies all allegations not specifically admitted and demands strict proof thereof.

### FOURTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiffs' intentional tort claims are due to be dismissed in that no intentional tort claims are viable against a municipality. *Ala. Code* § 11-47-190 (1975, as amended*)*.

### FIFTH AFFIRMATIVE DEFENSE

Defendant avers that Plaintiffs have failed to state injury or damages proximately caused by this Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Defendant avers that the Complaint fails to state a cause of action against Defendant entitling Plaintiffs to any relief.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads sovereign or substantive immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that there exists no direct action under its claim under which Defendant can be liable, and Plaintiffs' claim is due to be dismissed.

### NINETH AFFIRMATIVE DEFENSE

Defendant avers that punitive damages are not awardable against a municipality. §6-11-26 Ala. Code (1975).

### TENTH AFFIRMATIVE DEFENSE

Defendant pleads the statutory cap applicable to Plaintiffs' tort claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of the complaint and demands strict proof of same.

### TWELTH AFFIRMATIVE DEFENSE

Defendant pleads contributory negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant pleads assumption of the risk.

### RESERVATION OF DEFENSES

Defendant reserves the right to plead additional defenses as they become known in the course of discovery.

## MOTION TO DISMISS MAYOR BOBBY BRIGHT IN HIS OFFICIAL CAPACITY AS MAYOR OF THE CITY OF MONTGOMERY

COMES NOW Defendant Mayor Bobby Bright by and through the under signed counsel and hereby respectfully request this Honorable Court to dismiss this action pending against him and as grounds therefore would represent to the Court:

1. The Plaintiff in the above-styled action has named the City of Montgomery as well as Bobby Bright in his official capacity as Mayor for the City of Montgomery as a defendant in this matter.

2. Defendant would show that case law is clear that lawsuits against any member of a state agency as well as a lawsuit against the agency is redundant.

> Moreover, we note that claims against state officers in their official capacity are "functionally equivalent" to claims against the entity they represent. *Hinson v. Holt,* 776 So.2d 804, 810 (Ala.Civ.App.1998); see also *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)(noting that a suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent); see also *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)(noting that a suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent); *Yeldell v. Cooper Green Hosp., Inc.,* 956 F.2d 1056, 1060 (11th Cir.1992) (holding that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent).
> **Haley v. Barbour County** 2004 WL 179313, Ala.,2004

Wherefore Premises considered, Defendant Bobby Bright would pray that this Honorable Court would dismiss the action against him in his official capacity or in the alternative hold a hearing on the merits.

Respectfully submitted,

/s/Michael D. Boyle_____
Michael D. Boyle (BOY 032)
Staff City Attorney

OF COUNSEL:
City of Montgomery Attorney's Office
103 North Perry Street
Montgomery, AL 36104
(334) 241-2050

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by causing it to be placed in the U.S. Mail, postage prepaid and properly addressed on this 3rd day of January, 2007 to the following:

> Norman Hurst, Jr.
> 462 Sayre Street
> Montgomery, Alabama  36104

/s/Michael D. Boyle_____
Michael D. Boyle